# WILMERHALE

October 17, 2013

**Andrea J. Robinson**
+1 617 526 6360 (t)
+1 617 526 5000 (f)
andrea.robinson@wilmerhale.com

<u>By Email</u>

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

Re: *Goldin et al. v. State Street Bank and Trust Company*, Case Number 1:13-cv-05711-KPF

Dear Judge Failla:

Pursuant to Rule 1(B) of your Individual Rules of Practice in Civil Cases (effective September 27, 2013) and Section III(A)(1)-(4) of the Pilot Project Regarding Case Management Techniques for Complex Civil Cases (made applicable to this action on August 15, 2013), defendant State Street Bank and Trust Company ("State Street") respectfully requests a pre-motion conference to address two motions that it contemplates filing in the above-referenced matter: (1) a motion to dismiss the complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6);[1] and (2) a motion to transfer the case to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404(a).

## I. <u>The Complaint's Failure To State A Claim And Plead Claims With The Requisite Particularity</u>

State Street believes that this Court should dismiss the Complaint, which asserts claims against State Street for breach of contract, negligence and/or gross negligence, negligent

---

[1] In an abundance of caution, State Street is simultaneously filing its motion to dismiss today. Individual Rule 1(B) provides that Pilot Project procedures "shall govern to the extent that they are inconsistent with these Individual Practices." While normally Individual Rule 4(A) would require a pre-motion letter to precede a motion to dismiss (which letter would then "stay the defendant's time to answer or otherwise move with respect to the Complaint"), Pilot Project Section III(A)(3) provides that "[i]n the event that the law imposes a filing deadline, the requirement of a pre-motion letter and conference will not apply . . . ." While the matter is not without doubt, State Street interprets this Court's September 5, 2013 Order as a filing deadline imposed by the law within the meaning of Pilot Project Section III(A)(3), which appears to moot the requirement of a pre-motion letter and potentially require State Street to file its motion to dismiss today.
   Should the Court determine that State Street's filing was premature, State Street respectfully requests leave to re-file if necessary.

WILMERHALE

The Honorable Katherine Polk Failla
October 17, 2013
Page 2

misrepresentation, unjust enrichment, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.

Plaintiffs are investors who allegedly incurred losses as a result of self-dealing and poor investments by their investment advisor of over 20 years, TAG Virgin Islands LLC ("TAG"). Plaintiffs granted TAG "absolute discretion" to invest their funds. Compl. ¶20. They allege that, in 2007, TAG departed from their conservative strategy in order to purchase stock in speculative and "worthless micro-cap companies" affiliated with TAG. Compl. ¶¶19-20.

Undisputedly, State Street had no role choosing Plaintiffs' investments or giving them advice. Rather, the role of State Street (or its alleged predecessor) was limited to maintaining custodial accounts which held assets that TAG managed. The governing custodial agreements with Plaintiffs called for State Street to follow instructions Plaintiffs or TAG issued. It is undisputed that State Street at all times did. Through this lawsuit, Plaintiffs are attempting to shift their investment losses to State Street by arguing that State Street should have taken actions that were not called for—or that even were precluded—by the parties' custodial agreements.

With respect to breach of contract, Plaintiffs' core theory—that State Street erred by following instructions from TAG to take custody of allegedly "worthless" assets—does not describe a breach because State Street's contractual duty was to custody "any property," regardless of that property's value. Plaintiffs fare no better arguing that State Street breached a contractual duty to provide them with a periodic "list" of assets held. Undisputedly, State Street always provided the required list (in the form of account statements). Plaintiffs, in turn, do not allege that they ever objected to any items on their account statements, which their custodial agreements required them to do within 60 days to avoid waiver of their claims.

Plaintiffs' tort claims fare no better. Their gross negligence claim fails based on the economic loss doctrine, because Plaintiffs have not identified an independent duty to support such claims (the Complaint is premised entirely on contractual duties), and because no grossly negligent conduct is alleged. The economic loss rule is equally fatal to Plaintiffs' claims for negligence and negligent misrepresentation, which also fail based on exculpatory clauses in the governing agreements that limit the custodian's liability to acts of gross negligence or willful misconduct. Plaintiffs' breach of fiduciary duty claim fails because State Street was not a fiduciary given its limited contractual duties and its lack of discretion over Plaintiffs' investments. And Plaintiffs cannot state a claim that State Street aided and abetted TAG's alleged breach of fiduciary duty because the Complaint pleads no facts to show substantial assistance by State Street or its actual knowledge of the alleged breach. The claim for unjust enrichment falls short because Plaintiffs have an adequate remedy at law. Finally, the absence of proximate causation defeats all of Plaintiffs' claims, and Plaintiffs' failure to plead their claims for aiding and abetting TAG's alleged breach of fiduciary duty and negligent misrepresentation with the particularity required by Rule 9(b) defeats those claims.

WILMERHALE

The Honorable Katherine Polk Failla
October 17, 2013
Page 3

## II. The Court Should Transfer This Case To The District Of Massachusetts

The Court may transfer this action to any district where it might have been brought "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Here, Plaintiffs could have filed suit in Massachusetts. Moreover, this action has a strong connection with the District of Massachusetts, where sixteen substantially similar actions already are pending before the Honorable Nathaniel M. Gorton, where the relevant witnesses and documents are primarily located, and which is the locus of operative facts. Additionally, no Plaintiffs reside in this District.

## III. Schedule and Briefing

State Street requests that the Court hold a pre-motion conference and set a schedule for briefing of State Street's motions.

Respectfully submitted,

*/s/ Andrea Robinson/BJB*

Andrea J. Robinson