

LAX & NEVILLE LLP

BARRY R. LAX
BRIAN J. NEVILLE

SANDRA P. LAHENS
RAQUEL TERRIGNO
GABRIELLE J. PRETTO

1450 BROADWAY, 35TH FLOOR
NEW YORK, NY 10018
T: 212.696.1999
F: 212.566.4531
LaxNeville.com

October 22, 2013

<u>VIA E-MAIL</u>

The Honorable Katherine Polk Falia
U.S. District Court For The Southern District Of New York
40 Foley Square, Courtroom 618
New York, New York 10007

>Re: <u>Goldin et al. vs. State Street Bank & Trust Co. - Index No. 13-cv-05711 (KPF)</u>

Your Honor:

  This firm represents Steven Goldin, as Co-Executor of Bernice Goldin's estate on behalf of Bernice Goldin's IRA, and as Co-Trustee of the Paul Goldin Marital Trust B, and Rochelle Goldin as Co-Executrix of Bernice Goldin's estate, on behalf of Bernice Goldin's IRA, and, as Co-Trustee of the Paul Goldin Marital Trust B (collectively "Goldins") in the above referenced matter. Pursuant to Rule 4(A), Pre-Motion Submissions in Civil Cases, of your Individual Rules of Practice In Civil Cases, revised September 27, 2013, and Section II(A)(2) of the Pilot Project Regarding Case Management Techniques for Complex Civil Cases, dated October 2011, this letter opposes State Street Bank & Trust Company's ("Defendant") October 17, 2013 request for a pre-motion conference since: (1) a motion to dismiss the Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6) would be moot as the Goldins have adequately alleged all causes of action; and (2) Defendant's motion to transfer the case to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404(a) is unnecessary, inappropriate and quite simply a futile attempt at forum shopping, which should not be permitted. As such, the Goldins respectfully request that the Court deny Defendant's requests to hold a pre-motion conference and set briefing schedules.

## I.  <u>The Complaint Adequately Alleges All Causes Of Action</u>

  This Court should deny Defendant's request to file a motion to dismiss as the Complaint adequately alleges all causes of action with requisite particularity. On a motion to dismiss, the Court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *See Tripoint Global Equities, Inc. vs. Fasolino,* 2013 WL 5677126, at *3 (S.D.N.Y. Oct. 18, 2013). Therefore, if all facts alleged in the Complaint are taken by the Court as true, and all inferences are drawn in the Goldins' favor, any motion to dismiss filed by Defendant would be unnecessary and a waste of judicial time and resources, as the Goldins have met the pleading requirements for all asserted claims with sufficient particularity.

  The Goldins bring this action against Defendant for breach of contract, negligence and/or gross negligence, negligent misrepresentation, unjust enrichment, breach of fiduciary duty and aiding and abetting breach of fiduciary duty based upon Defendant's disregard of its custodial



The Honorable Katherine Polk Faila
October 22, 2013
Page 2 of 4

duties and obligations that resulted in approximately $4.5 million of damages to the Goldins. Defendant was the independent third-party custodian for the Goldins' investment accounts, which were managed by their investment advisor TAG Virgin Islands, Inc. ("TAG"). Pursuant to federal securities laws, TAG needed to retain a custodian to safeguard its clients' investments. As custodian, Defendant was tasked with performing its duties in a commercially reasonable manner, including, the safeguarding of the Goldins' property and funds, settling transactions, transferring and disbursing funds, and providing accurate account statements to the Goldins. Rather than upholding its duties as custodian, Defendant was the linchpin of TAG's fraudulent scheme by engaging in negligence, gross negligence and willful misconduct in maintaining custody of the Goldins' assets and settling, processing and executing transactions, such as fake promissory notes.

Regarding the breach of contract claim, the Goldins adequately allege a valid and enforceable agreement, pursuant to which, Defendant was required to carry out its duties as custodian to hold and safeguard the Goldins' assets. Comp. ¶¶ 16, 17, 64 and 65. By agreeing to safeguard the Goldins' assets, Defendant was required to facilitate and monitor the movement of assets, hold assets and securities with proper valuations, settle all purchases, sales and deliveries, administer corporate actions for securities, maintain and manage cash transactions, and deliver account statements which list all account activity to all customers. Defendant breached the agreement when it: (1) disbursed the Goldins' funds in exchange for securities that were facially irregular as they were not in good form as a matter of law and accepted business practice; (2) disbursed the Goldins' assets to TAG to purchase shares of stock that were never received by Defendant, or transferred into the Goldins' accounts, on a timely basis; (3) disbursed the Goldins' assets without taking custody of the securities it received in exchange for the disbursement, or entrusting those securities to a qualified and independent subcustodian; (4) inaccurately valued investments on the Goldins' account statements; (5) listed fake and phony CUSIP numbers on the Goldins' account statements; and (6) charged excessive custodial fees based upon inflated asset values.

The Goldins also adequately plead negligence and breach of fiduciary duty since Defendant owed a non-contractual duty of reasonable care to the Goldins to, among other things, maintain custody of their assets and safeguard such assets against misappropriation and misuse. Compl. ¶¶ 31–33. In dereliction of its duties as custodian, and in perpetration of TAG's fraud, Defendant, among other things: (1) listed fake CUSIP numbers on the Goldins' monthly account statements; (2) failed to settle and execute transactions; (3) issued account statements that inaccurately described investments and valued investments; (4) issued account statements that listed transactions that were never executed, settled, received or disbursed; (5) settled numerous fraudulent transactions, including, but not limited to, fake promissory notes and subordinated notes; (6) failed to obtain the necessary documents and information required to settle purchases of securities that, according to TAG, purportedly occurred; (7) disbursed funds to third parties for securities purchases even though the securities were sometimes never received by Defendant, or received months later; (8) failed to monitor subcustodians; and (9) misrepresented the location of the Goldins' assets due to lack of knowledge as to where the assets were actually held. By engaging in the above mentioned actions, Defendant acted with negligence, gross negligence or willful misconduct and breached its duties, which were the direct and proximate causes of the Goldins' damages.


Case 1:13-cv-05711-KPF  Document 12  Filed 10/22/13  Page 3 of 4

The Honorable Katherine Polk Faila
October 22, 2013
Page 3 of 4

Similarly, the Goldins adequately allege negligent misrepresentation by stating that in breach of its duties, Defendant was negligent or grossly negligent when it made misrepresentations and/or omissions to the Goldins regarding information that was in its exclusive control. Additionally, the Defendant aided and abetted the breach of fiduciary duty since it knew, or should have known, that TAG, and its owners and agents, as the Goldins' investment advisor were orchestrating a massive fraud and breaching the duties based upon Defendant's settling, processing and receipt of fake promissory notes and worthless securities, as well as other irregularities in the transactions, including false CUSIP numbers. Indeed, but for Defendant's assistance and perpetration of TAG's fraud, the Goldins would not have been damaged. Contrary to Defendant's assertions, the economic loss doctrine does not preclude the tort claims since the Goldins allege that Defendant owed an independent non-contractual duty of reasonable care to the Goldins and since Courts routinely uphold tort claims to recover economic losses caused by the negligent breach of a contractual obligation. *See Bruns vs. Del. Charter Guar. & Trust Co.*, 805 F.Supp.2d 12, 25 (S.D.N.Y. 2011).

Moreover, the Goldins adequately allege unjust enrichment by establishing that in exchange for Defendant's various duties, Defendant charged custodian fees that were improperly calculated based upon the inflated asset values of defaulted promissory notes or securities that were not in good form or worthless and that were inappropriately reported by Defendant on the Goldins' account statements. Contrary to Defendant's assertion, the Goldins have established that Defendant engaged in inequitable conduct with respect to the fees assessed, and the existence of a contractual relationship between the parties, or remedy at law, does not warrant the dismissal of the unjust enrichment claim at this stage of the litigation.

Further, in its letter and its proposed Motion to Dismiss, Defendant attempts to shield itself from liability for all of the claims, except for gross negligence, pursuant to an exculpatory provision contained in a custodian agreement between the Goldins and Investors Bank & Trust Company ("IBT") by making the conclusory statement that Defendant was a successor to IBT, yet provides no factual or legal support to substantiate this claim. *See Defendant's Motion to Dismiss*, page 11. As a non-signatory to that agreement, which does not contain any successor beneficiary language, Defendant of course cannot rely upon the explicit exculpatory language contained in the IBT Agreement.

## II.     The Court Should Not Transfer This Case To The District Of Massachusetts

Defendant does not state that jurisdiction or venue is improper in the Southern District of New York and instead asserts that the Goldins could have filed the suit in the District of Massachusetts. However, as asserted in the Complaint, venue is proper, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this District, and therefore, Defendant is subject to personal jurisdiction in this District. Compl. ¶ 12. Although a Court may transfer an action in the interest of justice, it is most convenient for this action to continue in this District, rather than the District of Massachusetts, as doing so would impose undue expenses upon and prejudice the Goldins who have already been victimized and damaged by Defendant's egregious negligence, gross negligence and willful misconduct. Defendant's attempt to forum shop should not be condoned by this Court.



The Honorable Katherine Polk Faila
October 22, 2013
Page 4 of 4

Based upon the foregoing, the Goldins respectfully request that the Court deny Defendant's request to file a motion to dismiss or motion to transfer. Thank you.

                Respectfully submitted,

                ***/s/ Barry R. Lax***
                Barry R. Lax, Esq.

cc:    Andrea J. Robinson, Wilmer Hale