UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN GOLDIN as Co-Executor of Bernice Goldin's Estate, on behalf of Bernice Goldin's IRA , and as Co-Trustee of the Paul Goldin Marital Trust B, and ROCHELLE GOLDIN as Co-Executor of Bernice Goldin's Estate, on behalf of Bernice Goldin's IRA , and as Co-Trustee of the Paul Goldin Marital Trust B<br><br>                              Plaintiffs,<br><br>vs.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>                              Defendant. | Civil Action No. 13-civ-5711 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

State Street Bank and Trust Company ("State Street") respectfully submits this Notice of Supplemental Authority to advise the Court of the recent ruling in *Lamm v. State Street Bank and Trust*, 12-15061 (11th Cir. March 16, 2012) ("*Lamm*"), in which the United States Court of Appeals for the Eleventh Circuit upheld the district court's complete dismissal, with prejudice, of claims against State Street that are substantially similar to those alleged here. The Opinion, attached hereto as Exhibit A, supports dismissal of the Complaint.

In *Lamm*, the plaintiff asserted contract and tort claims against State Street based on its custody (and that of its alleged predecessors in interest, including Investors Bank & Trust Company) of accounts that were managed by Taurus Advisory Group, LLC ("TAG"), the same investment advisor that managed the Goldins' accounts. The district court dismissed the plaintiff's claims—including those for breach of an express contract, breach of fiduciary duty,

1

negligence, gross negligence, and aiding and abetting TAG's breach of fiduciary duty—with prejudice on August 21, 2012.  *See Lamm v. State Street*, 889 F. Supp. 2d 1321 (S.D. Fla. 2012).[1]

On April 14, 2014, the Eleventh Circuit affirmed dismissal in full.  Applying New York law and interpreting custodial agreements that are in material respects the same as those at issue here, the Eleventh Circuit rejected each of the plaintiff's breach of contract theories:

- Receipt of Assets in "Improper" Form, *compare* Goldins' Complaint ("Compl.") ¶¶ 36-43, 67(a): "State Street had the contractual authority to rely on Taurus' instructions, had no duty to ensure that Taurus investment instruments were in valid form, and risked no liability for any transaction absent at least negligence."  *Lamm* at 9.[2]

- Disbursement of Funds Without Receipt of Security, *compare* Compl. ¶¶ 44-47, 67(b): "[T]here was no contractual obligation on State Street to demand an asset, much less timely receipt of an asset, in return for disbursing [Plaintiff]'s funds . . ."  *Lamm* at 9.

- Inaccurate Market Values/Obtaining Values from TAG/Misleading Statements, *compare* Compl. ¶¶ 54-56, 67(d): "Because of this unequivocal disclaimer of accuracy [in the custodial agreement], the fact that the market values State Street listed in its monthly statements were inaccurate does not, in itself, support a breach of contract claim . . . .State Street was not prohibited from relying on Taurus for market values so long as it believed Taurus to be reliable (and, again, there is no allegation that it believed otherwise).  The fact that the securities State Street received from Taurus had facial defects is insufficient under New York law to support the claim that State Street knew or believed that Taurus was not reliable."  *Lamm* at 10-11.  The Court also confirmed that the contractual waiver provision barred Plaintiff's claims concerning allegedly misleading account statements.  *Id.* at 11-13; *compare* MTA ¶ 15 (providing that unless Goldins object "in writing" within 60 days of their account statement receipt, they are "deemed to have approved such statement," and the Custodian "shall be released, relieved and discharged with respect to all items set forth therein."), IRA Agreement ¶ 19 (same).

- Use of "False" or "Dummy" CUSIPS, *compare* Compl. ¶¶ 57-58, 67(e): "As to [Plaintiff]'s allegation that State Street provided false CUSIP numbers, State Street was not obligated to provide CUSIP numbers, and while it undertook to do so, it did not warrant that these numbers were markers of legitimacy. [Plaintiff]'s claim with respect to the CUSIP numbers is in essence a negligent misrepresentation claim, which we reject later."  *Lamm* at 11 n.5.

---

[1] State Street cited the district court's opinion in *Lamm* in State Street's Memorandum and Reply briefs in support of its Motion to Dismiss.  *See* Mem. at 7-10, 19, 22, 25; Reply at 3, 7, 12.

[2] One substantive difference between the contracts at issue in *Lamm* and the Goldins' contracts is that State Street's liability under the Goldin contracts is limited to *gross* negligence.  *See* Goldin Marital Trust Agreement ("MTA") ¶ 16(B), 13 (Dkt. No. 11-1); Goldin IRA Agreement ("IRA Agreement") ¶ 20(B), 13 (Dkt. No. 11-2).

- State Street's Collection of "Excessive Fees," *compare* Compl. ¶¶ 59-60, 67(f), 81-83: In rejecting the plaintiff's excessive fee claim, the court explained that "it seems implausible to us, absent some indication of the parties' contrary intent, that the custody agreement obligated State Street to assess quarterly fees based on anything other than the market values it reported in its account statements" and concluded, in any event, that because the plaintiff failed to object to market values, he was "deemed to have approved" such values for fee assessment purposes pursuant to the agreement's waiver provision. *Lamm* at 13-14; *compare* MTA ¶ 15, IRA Agreement ¶ 19 (waiver provision quoted above).

The Eleventh Circuit also rejected Lamm's tort claims—which were substantially similar to the Goldins' claims—finding that State Street had no independent duty outside of the parties' custodial contract:[3]

- Negligence: Noting that "courts in other jurisdictions have held that custodian banks with no discretion to invest a customer's assets have no independent duty to supervise transactions on a customer's account or to ensure that assets held for the customer are marketable or in valid form," the court concluded that "[Plaintiff] has failed to establish that State Street owed him an independent duty to monitor the investments on his account, verify their market value, or ensure they were in valid form [and] has therefore failed to state valid negligence claims." *Lamm* at 18-22; *compare* Compl. ¶¶ 71(a)-(b), (d)-(f). The court specifically found that SEC "Rule 206(4)-2 applies only to investment advisors and not to custodian banks." *Id.* at 18-20; *compare* Compl. ¶¶ 16, 33.

- Breach of Fiduciary Duty, *compare* Compl. ¶¶ 84-87: The court rejected Plaintiff's breach of fiduciary duty claims, concluding that "although [Plaintiff] may have unilaterally relied on State Street for protection from Taurus' misconduct, the custody agreement and the facts alleged in the complaint establish an arm's length bargain imposing limited obligations on the parties, not a relationship of 'trust and confidence' or 'special circumstances' as required to make out a fiduciary duty claim." *Lamm* at 24.

- Aiding and Abetting, *compare* Compl. ¶¶ 88-93: The court rejected the plaintiff's aiding and abetting claims because the "factual allegations [were] insufficient to establish (or allow one to fairly infer) State Street's knowledge of the underlying fraud or breach of fiduciary duty by Taurus . . ." *Lamm* at 22.

- Negligent Misrepresentation, *compare* Compl. ¶¶ 74-80: "[Plaintiff] has not pled facts sufficient to establish that State Street intended to induce him to rely on its alleged representations as to the validity of his securities, as required by Florida law . . . especially since Rule 9(b)'s heightened pleading standard applies to negligent misrepresentation claims." *Lamm* at 24.

---

[3] While the Eleventh Circuit applied Florida law to the Lamm's tort claims, its findings are instructive given the similarities between Florida and New York tort law.  In fact, Florida law is *more* stringent than New York law insofar as  the economic loss doctrine is inapplicable to these claims in Florida in view of a recent change in the law.  *See Lamm* at 14-15.

3

Given the substantial similarity between the claims dismissed in *Lamm* and those raised by the Goldins, the decision of the Eleventh Circuit confirms that dismissal of the Complaint is appropriate here.

Dated:  April 22, 2014

WILMER CUTLER PICKERING HALE AND DORR LLP

/s/ Andrea J. Robinson_____
Andrea J. Robinson
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000
andrea.robinson@wilmerhale.com

*Attorneys for Defendant State Street Bank and Trust Company*