


LAX & NEVILLE LLP

BARRY R. LAX
BRIAN J. NEVILLE

SANDRA P. LAHENS
RAQUEL TERRIGNO
GABRIELLE J. PRETTO

1450 BROADWAY, 35TH FLOOR
NEW YORK, NY 10018
T: 212.696.1999
F: 212.566.4531
LAXNEVILLE.COM

April 25, 2014

**VIA ECF AND E-MAIL**

The Honorable Katherine Polk Fallia
U.S. District Court For The Southern District Of New York
40 Foley Square, Courtroom 618
New York, New York 10007

**Re: Index No. 13-cv-05711 (KPF)**
**Goldin et al. vs. State Street Bank & Trust Co.**

Your Honor:

This firm represents Steven Goldin, as Co-Executor of Bernice Goldin's estate on behalf of Bernice Goldin's IRA, and as Co-Trustee of the Paul Goldin Marital Trust B, and Rochelle Goldin as Co-Executrix of Bernice Goldin's estate, on behalf of Bernice Goldin's IRA, and, as Co-Trustee of the Paul Goldin Marital Trust B (collectively "Goldins") in the above referenced matter. The Goldins respectfully request that the Court strike the Notice of Supplemental Authorities ("Notice") filed by Defendant State Street Bank And Trust Company ("State Street" and/or "Defendant") on April 22, 2014.

On January 6, 2014, briefing closed on Defendant's Motion to Dismiss since it was fully submitted to the Court. Over three and a half months later, Defendant has now filed a purported "Notice of Supplemental Authority" in which it attempts to rely on the *Lamm v. State Street Bank and Trust*, No. 12-15061 (11th Cir. 2014) ("*Lamm*") appellate case. Although Defendant titles its filing as a "Notice of Supplemental Authority," that is a misnomer since Defendant's Notice is a thinly disguised, but untimely and improper, brief in furtherance of its Motion to Dismiss submitted to the Court months ago.

## I. Defendant's Notice Is Improper As It Contains Substantive Arguments

Federal Rule of Appellate Procedure 28(j) contemplates the filing of supplemental authorities, and District Courts look to this rule for guidance on the submission of supplemental authorities. *See Ormond v. Anthem, Inc.*, 2008 WL 906157, at *1, n.2 (S.D. Ind. Mar. 31, 2008) (analyzing notice of supplemental authority under criteria set forth in Fed. R. App. P. 28(j)). Fed. R. App. P. 28(j) provides that if "pertinent and significant authorities come to a party's attention after the party's brief has been filed," that "party may promptly advise" the court by letter, "setting forth the citations." It further provides that "[t]he body of the letter must not exceed 350 words." In Defendant's four page single-spaced Notice, Defendant is not simply providing the Court with "notice" of the Eleventh Circuit's decision, which is in no way pertinent and significant authority, but rather it reargues its substantive position on its Motion to Dismiss. Defendant already relied on the District Court for the Southern District of Florida's ruling in *Lamm v. State Street Bank and*





*Trust*, 889 F.Supp.2d 1321 (S.D. Fla. 2012), in its Motion to Dismiss, and it is improper for Defendant to set forth the exact same arguments in the present Notice. Under circumstances like this, courts routinely strike notices of supplemental authority that included legal argument. *See, e.g.*, *Eli Lilly Co. v. Crabtree*, 485 F.Supp.2d 982, 997 (S.D. Ind. 2006) (striking those portions of the notice of supplemental authority that included legal argument); *see also Seidman v. Paradise Valley Unified School Dist. No. 69*, 327 F.Supp.2d 1098, 1121 (D. Ariz. 2004) (same). As such, Plaintiffs' Motion to Strike should be granted.

**II. <u>Defendant's Notice Does Not Contain Pertinent and Significant Authority</u>**

In its Notice, Defendant attempts to rely on the *Lamm* appellate decision which is not "pertinent or significant" because it was rendered by a different circuit court and because the claims asserted in *Lamm* are materially different from those asserted by Plaintiffs in this case. Specifically, the breach of contract claims in *Lamm* were based on IBT custodial agreements which are not the basis for the claims asserted in the current matter, and Florida law applied to the plaintiff's tort claims while New York law applies to the tort claims in this matter. Furthermore, in *Lamm*, the Eleventh Circuit ignores *Szulik vs. State Street Bank and Trust Company*, 935 F.Supp.2d 240 (D. Ma. 2013), and *In re State Street*, No. 12-cv-11770 (D. Ma. August 21, 2013), as precedent even though these two cases contained similar allegations as the claims in *Lamm* and survived motions to dismiss.

**i. Defendant's Notice Is Inapplicable to Plaintiffs' Breach of Contract Claims**

In *Lamm*, Douglass Lamm alleged that State Street Bank merged with Investors Bank & Trust Company ("IBT") in 2007, and took over the custodial obligations under the IBT custodial agreements Lamm previously executed. Lamm also asserted that the IBT custody agreements continued to govern the custodial relationship between Lamm and State Street, which formed the basis of Lamm's breach of contract arguments. In stark contrast, the Plaintiffs in this case do not allege that State Street was a successor to IBT, or that it assumed the custodial obligations under the IBT custodial agreements executed by Plaintiffs. Plaintiffs also do not allege that they executed any custodial agreement with State Street. Instead, Plaintiffs allege that State Street was the independent third-party custodian for Plaintiffs' investment accounts. As such, Defendant's claim in its Notice that the IBT custodial agreements at issue in *Lamm* "are in material respects the same as those at issue here" is patently false. (*See* Notice, pg. 2).

Defendant's substantive arguments in its Notice are based on clauses from an IBT custodial agreement that does not govern the dispute between Plaintiffs. Since Plaintiffs do not base any of their breach of contract claims on clauses in the *Lamm* IBT custodial agreements, the Eleventh Circuit's holding in *Lamm* is irrelevant to the present matter. Further, in *Szulik* and *In re State Street*, those plaintiffs based their pleadings on the custodial agreements with State Street's alleged predecessors in interest, which contained provisions that purportedly limited the liability of the custodian and, nevertheless, several causes of action survived State Street's respective motions to






dismiss.[1] For the substantive reasons outlined in Plaintiffs' Opposition to Defendant's Motion to Dismiss, and the reasons set forth herein, Plaintiffs' Motion to Strike should be granted.

**ii. Defendant's Notice Is Inapplicable to Plaintiffs' Tort Claims**

In regards to Defendant's substantive arguments regarding Lamm's tort claims, as noted by Defendant, the Eleventh Circuit applied Florida law to Lamm's tort claims, but New York law applies to the tort claims in this matter. Therefore, this Court must conduct an independent analysis of Plaintiffs' tort claims under New York law. As detailed in Plaintiffs' Opposition to Defendant's Motion to Dismiss, Plaintiffs' tort claims should survive a Motion to Dismiss.

Further, Defendant states that "the Eleventh Circuit also rejected Lamm's tort claims . . . finding that State Street had no independent duty outside of the parties' custodial contract." (*See* Notice, pg. 3). Not only do the Plaintiffs in this matter not base any claims on the IBT custodial agreements, but even if they did their tort claims should not be dismissed. In *Szulik* and *In re State Street*, those plaintiffs based their pleadings on the custodial agreements with State Street's alleged predecessors in interest, which contained provisions that purportedly limited the liability of the custodian and, nevertheless, several causes of action survived State Street's respective motions to dismiss. For instance, the *Szulik* Court partially granted and partially denied State Street's motion to dismiss the negligence cause of action, as it permitted alternative pleadings. *See Szulik*, 935 F.Supp.2d at 272. Similarly, the *In re State Street* Court partially granted and partially denied State

---

[1] In *Szulik*, the Magistrate Judge issued a Report and Recommendation (based upon Massachusetts and New York law) which partially granted and partially denied State Street's motion to dismiss the breach of contract, negligence, and unjust enrichment claims. According to the Szulik Magistrate Report, which was accepted and adopted by the District Court Judge in that matter:

> [a]lthough the plaintiffs have not described every transaction in which State Street allegedly violated the terms of [the parties agreements] to otherwise engaged in misconduct, they have alleged a pattern and practice of behavior involving all of the Szulik's TAG-managed custody accounts during the time period from 1996 to 2009. Moreover, they have described the basis for their claim that State Street owed them certain duties and obligations, and have alleged facts detailing the specific types of activities that resulted in the alleged breaches of those duties or otherwise gave rise to their claims. In particular, the plaintiffs have provided specific examples of State Street's unlawful conduct in order to illustrate how the defendant failed to honor its alleged obligations as the Szulik's custodian, and they have even suggested a motive for State Street's alleged misconduct: the defendant's interest in collecting custodial fees based on inflated asset values. Therefore, the plaintiffs have alleged enough facts to establish who did what to whom, when, where, and why.
> *Szulik*, 935 F.Supp.2d at 253.

*In re State Street Cases* is a case in which various investors filed nine (9) different actions against State Street regarding its liability as custodian of those plaintiffs' TAG accounts. As in the *Szulik* matter, the plaintiffs in *In re State Street* based their pleadings on the provisions of the custodial agreements with State Street's alleged predecessors in interest, Chase Manhattan Bank, IBT or Chemical Bank, all of which contained provisions that purportedly limited the liability of the custodian. Just like the Court in *Szulik*, the Court in *In re State Street* determined that even in light of the limitations on liability contained in the custodian agreements "it is unclear whether State Street exceeded its authority or otherwise breached its contractual obligations by accepting obviously defective and valueless securities in lieu of legitimate assets . . . this Court finds that [plaintiffs] support a reasonable inference that State Street frustrated the reasonable expectations of the contracting parties by accepting facially deficient securities." *In re State Street Cases*, 12-cv-11770, (D. Ma. August 21, 2013).





Street's motion to dismiss the negligence/gross negligence causes of action in that matter. For the substantive reasons outlined in Plaintiffs' Opposition to Defendant's Motion to Dismiss, and the reasons set forth herein, Plaintiffs' Motion to Strike should be granted.

Based upon the foregoing, Plaintiffs respectfully request that the Court strike Defendant's Notice of Supplemental Authorities.

Respectfully submitted,

***/s/ Barry R. Lax***
Barry R. Lax, Esq.

cc: Andrea J. Robinson, Wilmer Hale