# WILMERHALE

*VIA ECF AND E-MAIL*

April 29, 2014

Andrea J. Robinson
+1 617 526 6360 (t)
+1 617 526 5000 (f)
andrea.robinson@wilmerhale.com

The Honorable Katherine Polk Failla
U.S. District Court For The Southern District Of New York
40 Foley Square, Courtroom 618
New York, New York 10007

Re:   Goldin v. State Street Bank and Trust Co. - Docket No. 13-civ-5711 (KPF)

Your Honor:

We write in response to Plaintiffs' letter to the court dated April 25, 2014 ("Letter") (Dkt. No. 30) responding to State Street's Notice of Supplemental Authority ("Notice") (Dkt. No. 29). To the extent that the Court deems Plaintiffs' Letter a sufficient motion to strike,[1] it should be denied. Plaintiffs cite *no* authority for the relief they seek—striking a notice of supplemental authority in its entirety[2]—and offer no citation to anything published in this District to support their assertions that State Street's Notice is procedurally inappropriate.

On April 22, 2014, State Street submitted the Notice advising the Court of the Eleventh Circuit's recent ruling in *Lamm v. State Street Bank and Trust*, 12-15061 (March 16, 2012). The ruling affirmed the district court's dismissal, with prejudice, of the plaintiffs' contract and tort claims. As Plaintiffs admit in their Letter, (Letter at 1), State Street relied on the district court's opinion as persuasive precedent in its Memorandum and Reply briefs in support of its Motion to Dismiss. *See* Dkt. Nos. 10 & 26. The subsequent affirmance is, therefore, pertinent as well.[3]

Plaintiffs' motion to strike should be denied for two reasons. *First*, despite claiming that courts "routinely strike notices of supplemental authority," Plaintiffs cite no authority to support that. The Southern District of New York has no published rules governing the filing of Notices of Supplemental Authority and the Rules of Appellate Procedure do not apply. *Second*, Plaintiffs mischaracterize State Street's Notice as a supplemental brief. State Street's Notice merely

---

[1] *See* S.D.N.Y. Electronic Case Filing ("ECF") Rule 13.1 (listing permissible letter-motions, which do *not* include motions to strike).

[2] Plaintiffs cite cases from other jurisdictions that permitted the notices of supplemental authority but chose not to consider arguments concerning the cases. *See Eli Lilly Co. v. Crabtree*, 485 F. Supp. 2d 982, 997 (S.D. Ind. 2006); *Seidman v. Paradise Valley Unified Sch. Dist. No. 69*, 327 F. Supp. 2d 1098, 1121 (D. Ariz. 2004).

[3] Plaintiffs' protest that the ruling is neither "pertinent nor significant because it was rendered by a different circuit," (Letter at 2), is undermined by Plaintiffs' own reliance on two District of Massachusetts cases in both their Letter and the Opposition to State Street's Motion to Dismiss (Dkt. No. 18) ("Opposition").

WILMERHALE

The Honorable Katherine Polk Failla
April 29, 2014
Page 2

highlights and quotes the sections of the Eleventh Circuit's 25-page opinion most relevant to the present case; the bulk of State Street's Notice is directly quoted from the ruling itself. On the other hand, Plaintiffs' Letter re-argues their points from their Opposition—including block quotations and discussion of two District of Massachusetts cases extensively cited in the Opposition. *Compare* Letter at 2-4 & n.1 (quoting *Szulik v. State Street* and *In re State Street Cases*) *with* Opposition at 17-25 (same). If any party has engaged in inappropriate supplemental briefing, it is Plaintiffs.

For the foregoing reasons, State Street respectfully submits that the Court should take notice of the Eleventh Circuit's ruling in *Lamm v. State Street Bank and Trust* as set out in State Street's Notice of Supplemental Authority.

Very truly yours,

*Andrea Robinson* /JC
Andrea J. Robinson